**UNITED STATES of America**
v.
**Robert J. NEWSON, Sr.**
**Cr. A. No. 14652.**

United States District Court
W. D. Louisiana, Shreveport Division.

Sept. 21, 1956.

Whitfield Jack, Booth, Lockard, Jack & Pleasant, Shreveport, La., for defendant.

BENJAMIN C. DAWKINS, Jr., Chief Judge.

The indictment upon which this prosecution is based charges:

"That on or about November 6, 1955, in the Shreveport Division, Western District of Louisiana, Robert J. Newson, Sr. did knowingly and unlawfully receive from Kirk William Tupman a certain motor vehicle, to-wit: a 1955 Model Dodge Royal Lancer two-door automobile, Motor No. D553–43763, *knowing* that the said automobile *had been stolen* and that it *had been transported* in interstate commerce. (18 U.S.C. § 2313)." (Emphasis supplied.)

It is readily apparent that this indictment is couched in the *past* tense, i. e., at the time defendant allegedly received the car, he knew it *had been* stolen and *had been* transported in interstate commerce.

Yet, the Statute, 18 U.S.C. § 2313, formerly 18 U.S.C. § 408, which defines the alleged crime requires that the vehicle must be "moving as, or which is a part of, or which constitutes interstate * * commerce" at the time it is received—the *present* tense—in order to constitute a crime:

"Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 806."

In moving to dismiss the indictment, as failing to allege a punishable offense, defendant relies on two decisions of the United States Court of Appeals for the Fifth Circuit, Hill v. Sanford, Warden, 131 F.2d 417, 418, and Grimsley v. United States, 5 Cir., 50 F.2d 509.

T. Fitzhugh Wilson, U. S. Atty., and Edward V. Boagni, Asst. U. S. Atty., Shreveport, La., for the Government.

In the Hill case, the Court said:

" * * * under 18 U.S.C.A. § 408 the stolen motor vehicle concealed, sold or disposed of must be moving as, or be a part of, or constituting interstate commerce at the time it is concealed, or disposed of. If it has come to rest so as no longer to be a part of or to constitute interstate commerce, State law regarding stolen property rather than federal law would be applicable. Davidson v. United States, 8 Cir., 61 F.2d 250; Cox v. United States, 8 Cir., 96 F. 2d 41. * * * "

In the Grimsley case, the Court said:

" * * * It is an essential element of the offense * * * that the accused receive the motor vehicle while it *is* moving as, or *is* a part of, or *constitutes,* interstate or foreign commerce. The act, as is apparent on the face of it, is based upon the commerce clause of the Constitution, and *does not assume to punish one who receives or sells a stolen motor vehicle after it has ceased to move in, or be a part of, interstate or foreign commerce.* Brooks v. United States, 267 U.S. 432, 45 S.Ct. 345, 69 L.Ed. 699, 37 A.L.R. 1407. * * * " (Emphasis supplied.)

■ These decisions not only are conclusive of the questions here presented, and therefore binding upon us; we also agree with their interpretation of the plain meaning of the Statute.

■ Government counsel concede that the indictment is fatally defective, and we agree with their conclusions. Our decision here is based upon the defects noted, not upon any invalidity, claimed or noticed, in the Statute itself, which we believe to be sound from a constitutional standpoint. If the facts justify it, another indictment may be brought against defendant, unprejudiced by this ruling.

For these reasons, the motion to dismiss the indictment is granted and it is dismissed.