**Guillermo BARRERA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 18058.

United States Court of Appeals Fifth Circuit.

April 11, 1960.

Robert E. Wilson, El Paso, Tex., for appellant.

James E. Hammond, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before CAMERON, JONES and BROWN, Circuit Judges.

---

1. And cf. Haerr v. United States, 5 Cir., 1957, 240 F.2d 533, and Blackford v. United States, 9 Cir., 1957, 247 F.2d 745,

## PER CURIAM.

This appeal by Guillermo Barrera is from a conviction of two separate violations of 21 U.S.C.A. § 174, as amended, by knowingly and fraudulently importing and concealing and facilitating the concealing of narcotic drugs. The sole point upon which he relies is his contention that his constitutional rights were violated by the search for and seizure of the narcotics.

Appellant was apprehended as he entered the United States at the Juarez International Bridge by customs agents who were informed that it was his purpose to import heroin from Mexico to the United States. After his apprehension appellant was seen to swallow an envelope. After he was subdued when he resisted detention, he was taken to a hospital where he was administered an emetic, which resulted in the regurgitation of the heroin, which was seized and held as evidence against him. The court denied his motion to suppress the evidence and found the appellant guilty upon the same evidence offered in connection with the motion to suppress, the parties having stipulated that this course be followed.

The facts presented to the court below support its denial of the motion to suppress, bringing the case squarely under our holdings in King v. United States, 5 Cir., 1958, 258 F.2d 754, and Ramirez v. United States, 5 Cir., 1959, 263 F.2d 385, and distinguishing it from the holding of the Supreme Court in Rochin v. California, 1952, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183. Upon the authority of these two decisions by this Court [1] the judgment of the court below is affirmed.

Affirmed.

certiorari denied 1958, 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed.2d 586.