Gilbert C. RODRIGUEZ, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18432.

United States Court of Appeals
Fifth Circuit.

July 24, 1961.

Clyde W. Woody, Houston, Tex., for appellant.

Charles L. Short, Asst. U. S. Atty., Laredo, Tex., William B. Butler, U. S. Atty., Houston, Tex., for appellee.

Before CAMERON and BROWN, Circuit Judges, and HANNAY, District Judge.

CAMERON, Circuit Judge.

Appellant Rodriguez, a citizen of the United States who had been convicted of a violation of the marihuana laws of the United States (Title 26 U.S.C.A. § 4744(a)), was convicted by the court below sitting without a jury of departing from and entering the United States through a border customs station without registering under the Rules and Regulations prescribed by the Treasury Department, in violation of 18 U.S.C. § 1407.[1]

---

1. § 1407. (a): "* * * no citizen of the United States * * * who has been convicted of a violation of any of the narcotic or marihuana laws of the

The first count of the indictment charged that he departed from the United States on July 25, 1959, and the second count charged that he entered into the United States August 1, 1959. He was sentenced to serve a term of imprisonment of eighteen months on the two counts jointly.

The trial court filed a written opinion, now reported in D.C., 195 F.Supp. 513, which sets forth clearly and succinctly the evidence in the case and the basis for the conviction. In affirming the action of the court below, we adopt its opinion as modified and supplemented by the observations which follow.

■ Appellant specifies as error that he was arrested and searched in violation of his constitutional rights, that the Government failed to establish the corpus delicti by competent proof, that it failed to show by legal evidence that the appellant had been convicted of a prior violation of the marihuana laws, and that it failed to show that the person described in the judgment of conviction offered in evidence was the same person as the appellant. Dealing with the last contentions first, the record shows without contradiction that the Government offered in evidence "a certified copy of a prior conviction *of this defendant*, in Cause No. 12772, in the Houston Division of this Court," together with "a copy of *the defendant's* birth certificate." [Emphasis added.] His attorney stated categorically that he did not have any objections to the introduction of these two documents referred to in the questions as relating to the defendant. In addition to the reasons assigned in the opinion of the trial judge, it is clear for this additional reason that these points are entirely without merit.

■ As to proof of the *corpus delicti*, the customs officers stationed at Laredo,

Texas, identified and placed in evidence the original of Customs Form 6059 entitled "United States Customs Baggage Declaration and Entry for Persons Arriving from Mexico" taken from the official records of that port of entry. This instrument bore the signature of Gilbert C. Rodriguez and stated that his permanent address was 2419 Gano Street, Houston 9, Texas; that he was a resident of the U. S. A.; that he arrived in the United States by automobile August 1, 1959 and that he had left the U. S. on July 25, 1959. It was further shown by testimony and without contradiction that appellant resided at 2419 Gano Street, Houston, Texas. From this writing and this testimony, standing, as it is, uncontradicted, the court was warranted in finding that the appellant arrived in the United States from Mexico on August 1, 1959 by automobile at the port of entry at Laredo, Texas (second count), and that he had left the United States through some port on July 25, 1959 (first count).

It was further shown by the customs officers that an examination of the records at Laredo had been made, and that no person bearing appellant's name had registered there on or near those dates, as a person who had been convicted of violating the marihuana laws. All of the ingredients of the crime of which appellant was convicted under the second count, therefore, were established by credible evidence without the necessity of relying on the document found upon appellant when search was made on or about August 18, 1959 and without the confession made to the officers at that time. Since a conviction under the second count alone was sufficient to justify the full sentence imposed by the court under the two counts, no reversible error

United States, * * * the penalty for which is imprisonment for more than one year, shall depart from or enter into or attempt to depart from or enter into the United States, unless such person registers, under such rules and regulations as may be prescribed by the Secretary of the Treasury with a customs official,

agent, or employee at a point of entry or a border customs station. * * *

"(b) Whoever violates any of the provisions of this section shall be punished for each such violation by a fine of not more than $1,000 or imprisonment for not less than one nor more than three years, or both."

appears even if conviction under the first count was not warranted.

 Under the facts set forth in the trial court's opinion, we think that the search of appellant by the customs officers and retention by them of the copy of the form which had been given to him on August 1st at Laredo, Texas were clearly legal.[2] The confession, volunteered by the appellant when the copy of the last mentioned document was found in his possession and repeated after he had been advised of his constitutional rights, was plainly admissible, and served to confirm the case made against appellant independent of it. It is not necessary, therefore, to consider the questions spiritedly debated in the majority and dissenting opinions in a case recently decided by this Court, Smyly v. United States, 5 Cir., 1961, 287 F.2d 760.

Affirmed.

2. 19 U.S.C.A. §§ 482, 1581 and 1582; King v. United States, 5 Cir., 1958, 258 F.2d 754, and authorities cited; Barrera v. United States, 5 Cir., 1960, 276 F.2d 654; Ramirez v. United States, 5 Cir., 1959, 263 F.2d 385; and Haerr v. United States, 5 Cir., 1957, 240 F.2d 533.