UNITED STATES of America,
Appellee,

v.

William Henry GODWIN, Appellant.

No. 74–2199.

United States Court of Appeals,
Fourth Circuit.

Argued March 5, 1975.

Decided March 26, 1975.

Vernon F. Daughtridge, Wilson, N.C., for appellant.

Jack B. Crawley, Jr., Asst. U. S. Atty. (Thomas P. McNamara, U. S. Atty., on brief), for appellee.

Before WINTER, CRAVEN and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge:

William Henry Godwin appeals his conviction for receiving and concealing a stolen tractor moving in interstate commerce in violation of 18 U.S.C. § 2313. The original indictment, alleging that the tractor "had moved in interstate commerce," was dismissed on motion of the defendant and without objection on the part of the government because the verb tense as used in the indictment indicated that the tractor had ceased its interstate movement, thereby defeating federal jurisdiction under the Act. A second indictment was returned without the alleged defect and this conviction followed. We affirm.

■ Godwin contends that the original defective indictment constituted a "judicial admission" binding on the government and requiring dismissal of a second indictment based on the same facts. Despite the novelty of this argument, the dismissal of the original indictment was neither determinative of any fact in issue nor did it prejudice the government's right to obtain a second indictment which was properly drawn. *United States v. Newson* (D.C.La.1966) 144 F.Supp. 464, 466. Nor was there error in the trial court's refusal to admit the original indictment as evidence at trial since the first indictment was not probative of any fact asserted therein. *United States v. Glaziou* (2d Cir. 1968) 402 F.2d 8, 15, *cert. denied* 393 U.S. 1121, 89 S.Ct. 999, 22 L.Ed.2d 126.

■ Moreover, we find no merit in Godwin's assertion that the trial court admitted incompetent evidence to establish the identity of the stolen tractor. In particular, we reject as meritless the hearsay challenge to the investigating FBI agent's use of a National Crime Information Center report on stolen vehicles to identify the serial number of the vehicle found in appellant's possession. The report served only to refresh the agent's recollection of the serial number contemporaneously copied by him from the tractor's identification plate and then compared to the serial number recorded on the report. The report was clearly admissible as a memorandum of past recollection recorded. *See United States v. Baker* (4th Cir. 1970) 424 F.2d 968. Additionally, Godwin's argument mischaracterizes the import of the agent's testimony, for here, unlike those cases relied upon by the appellant,[1] it was the testimony of the vehicle's true owner and not the police report that established that the tractor was stolen.

■ Godwin's remaining contentions deal with the sufficiency of the government's evidence to establish the identity of the tractor as the stolen vehicle and the propriety of certain supplemental instructions given after the jury had begun its deliberation. After careful consideration of the record, briefs and oral argument, we find no reversible error in any of these contentions. We specifically note, however, that the trial court's *Allen*-type charge substantially conformed to our recommended charge as set out in *United States v. Sawyers* (4th Cir. 1970) 423 F.2d 1335, 1342, n. 7.

*Affirmed.*

---

1. *United States v. Wyatt* (7th Cir. 1971) 437 F.2d 1168; *United States v. Hood* (7th Cir. 1970) 422 F.2d 737; *United States v. Shiver* (5th Cir. 1969) 414 F.2d 461; and *United States v. Johnson* (5th Cir. 1969) 413 F.2d 1396.