**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harold Hardin DAVIS, Defendant-Appellant.**

**No. 77–5208.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 14, 1977.

Decided Jan. 20, 1978.

---

Before LIVELY, ENGEL and MERRITT, Circuit Judges.

PER CURIAM.

The question in this case is whether the government proved by competent evidence that two vehicles found in the possession of the defendant were stolen and had moved in interstate commerce. We conclude that no such proof was presented, and accordingly, we reverse.

The defendant was convicted of receiving and concealing a 1972 GMC tractor (a unit used to pull trailers) and a 1974 John Deere front loader with high-lift attachment, both of which were claimed to have been stolen and moved in interstate commerce, in violation of 18 U.S.C. § 2313. The defendant had possession of both vehicles in Tennessee when he was indicted, and maintained that he had purchased them some months earlier.

The first witness for the government at defendant's trial was Robert Kittle, Jr., who testified that he owned a 1972 GMC tractor and a John Deere loader and that this equipment had disappeared from a job site in Georgia along with a 15–ton lowboy. Mr. Kittle testified that he reported the disappearance of the equipment to the local police. He was not asked to describe the equipment or to identify it by registration numbers or otherwise. On cross-examination he testified that his vehicles had not been returned to him and he had not seen them.

The FBI agent who located the vehicles on the premises of the defendant and his father testified that the number which he located on the truck [tractor] was the same number of the vehicle that was reported stolen. He also stated that the loader contained an engine number which was the same as that on the front-end-loader reported stolen by Mr. Kittle. The witness testified that these determinations were made from the fact that he received a "hit" upon running the numbers through the National Crime Information Center (NCIC). The defendant objected to both statements on the ground that "What the NCIC told Mr. Rob-

Carl McDonald, Goddard & Gamble (Court Appointed—CJA) Maryville, Tenn., for defendant-appellant.

John L. Bowers, Jr., U. S. Atty., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff-appellee.

**516**

erts [the FBI agent] is hearsay." The objections were overruled.

The defendant moved for acquittal at the close of the government's case on the ground that the prosecution had failed to tie Kittle's loss to the equipment found in the defendant's possession. This motion was renewed after all the evidence was in.

 An NCIC identification of a vehicle is sufficient to establish probable cause for the arrest of one possessing it, *United States v. Smith*, 461 F.2d 246 (10th Cir. 1972), and it is admissible to corroborate the true owner's testimony concerning a theft. *United States v. Hines*, 564 F.2d 925 (10th Cir. 1977). The present NCIC report would have been admissible to show that two vehicles had been reported stolen, a fact to which Mr. Kittle testified. See *United States v. Graham*, 391 F.2d 439, 448 (6th Cir.), *cert. denied*, 390 U.S. 1035, 88 S.Ct. 1433, 20 L.Ed.2d 294 and 393 U.S. 941, 89 S.Ct. 307, 21 L.Ed.2d 278 (1968). However, since the purported owner did not identify the vehicles by reference to the registration and engine numbers, the agent's conclusion that the vehicles possessed by the defendant were the same ones which Kittle had reported stolen was based on inadmissible hearsay. *United States v. Johnson*, 413 F.2d 1396, 1398 (5th Cir. 1969). With this testimony excluded there was no evidence that the vehicles found in Tennessee were in fact the ones which disappeared from the job site in Georgia.

There is no explanation in the record for the government's failure to identify the stolen vehicles through the testimony of the owner. Since the government had the witness available who possessed the information required to identify the vehicles, and chose not to produce this essential evidence, we see no reason to remand for a new trial.

The judgment of the district court is reversed with directions to dismiss the indictment.