UNITED STATES of America, Plaintiff-Appellee,

v.

James Ray McDONALD, Defendant-Appellant.

No. 79–5256
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1979.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Arthur Parker, Birmingham, Ala., for defendant-appellant.

Herbert H. Henry, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before BROWN, Chief Judge, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

This is an appeal from a conviction for jumping bail. James Ray McDonald was indicted in February 1976 on counterfeiting charges. He was released on bail but failed to appear for trial. Warrants for his arrest were issued. A year and a half later, while using the alias of Robert James Parks, appellant was arrested, identified as being McDonald, and charged with bail jumping in violation of 18 U.S.C.A. § 3150. Appellant now claims that his conviction on that charge should be reversed since (i) the District Court erred in overruling appellant's motion to suppress evidence obtained as a result of an allegedly illegal arrest, and (ii) the Government failed to prove beyond a reasonable doubt that appellant was the same McDonald named in the counterfeiting indictment. We reject both claims and affirm.

Appellant first claims that his arrest was illegal. He was arrested while driving away from a residence which Florida police officer Timothy Robinson had under surveillance. Officer Robinson had seen a FBI wanted flyer on McDonald and received information from a reliable informant connecting McDonald with that residence. Robinson had also obtained a physical description, a photograph, and the fingerprints of McDonald, as well as a list of aliases. Officer Robinson had furthermore obtained a National Crime Information Center (NCIC) printout showing that there was an outstanding warrant for McDonald's arrest. Appellant asserts that the NCIC printout was too unreliable a source of information concerning the existence of an outstanding warrant, resulting in a lack of probable cause to arrest.

It is clear that Officer Robinson had probable cause to arrest appellant under Florida law, so long as the officer reasonably believed that appellant was the subject of a federal arrest warrant. *United States v. Bowdach*, 5 Cir., 1977, 561 F.2d 1160, 1168; *State v. Outten*, Fla., 1968, 206 So.2d 392, 397.[1] While NCIC printouts are not alone sufficient *evidence* to permit *conviction*,[2] the cases uniformly recognize that

---

1. Florida's standard of probable cause for a lawful arrest is the same as that required by the Fourth Amendment. *United States v. Ullrich*, 5 Cir., 1978, 580 F.2d 765, 769.

2. *United States v. Davis*, 6 Cir., 1978, 568 F.2d 514, 516 (NCIC printout); *United States v. Johnson*, 5 Cir., 1969, 413 F.2d 1396, 1398 (national computer report). *Cf. United States v. Graham*, 6 Cir., 391 F.2d 439, 448 (local police

NCIC printouts are reliable enough to form the basis of the reasonable belief which is needed to establish probable cause for arrest. *United States v. Palmer*, 9 Cir., 1976, 536 F.2d 1278, 1283 (NCIC information was decisive factor in establishing probable cause for arrest); *United States v. Davis*, *supra* (dictum). *Cf. United States v. Hines*, 10 Cir., 1977, 564 F.2d 925, 927–28 (dictum, but holding that NCIC information qualifies as corroborative evidence), *cert. denied*, 1978, 434 U.S. 1022, 98 S.Ct. 748, 54 L.Ed.2d 770; *United States v. Godwin*, 4 Cir., 1975, 522 F.2d 1135, 1136 (NCIC report admitted for purpose of refreshing recollection). Furthermore, there was unimpeached testimony at appellant's trial establishing that NCIC information "has proved reliable in the past as an indicator [of] who in fact is wanted as a fugitive." Having seen *both* a recent NCIC printout and a FBI wanted flyer on McDonald, Officer Robinson clearly had probable cause to effect the arrest in this case.

Appellant secondly attacks the sufficiency of the evidence introduced to link him with the McDonald named on the counterfeiting indictment and bail jumping warrant. At trial, Officer Robinson, the Clerk of the District Court of the District in which McDonald had been indicted, and a federal agent all testified that "the defendant" was the subject of the counterfeiting indictment and bail jumping warrant. Although none of those witnesses were directly asked to testify concerning appellant's identity, the offering of proof by the Government was similar to that found sufficient in *Rodriguez v. United States*, 5 Cir., 1961, 292 F.2d 709, 710. Here and in *Rodriguez*, the Government did more than merely introduce the previous indictment. *Cf. Gravatt v. United States*, 10 Cir., 1958, 260 F.2d 498, 499 (copy of judgment in previous conviction is, by itself, insufficient). Moreover, appellant's defense counsel was called as a witness and testified that he had been present with "the defendant"—meaning obviously the defendant then on trial—at the arraignment for the counterfeiting indictment, and that "the defendant" had not been present on the day of trial in that case.[3] Based upon *Rodriguez*, appellant's insufficiency of the evidence argument fails. This argument, moreover, is raised for the first time on appeal. Certainly plain error has not been shown. *See* F.R. Crim.Proc. 52(b).

AFFIRMED.

record), *cert. denied*, 1968, 393 U.S. 941, 89 S.Ct. 307, 21 L.Ed.2d 278.

3. The defense counsel was not, of course, testifying as to any privileged matter. No objection as to this testimony was raised at trial.