[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10059
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20390-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIEGO JOSEPH SAUNDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 21, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Diego Joseph Saunders appeals his 57-month sentence, imposed after he pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  Saunders contends his two-level sentencing enhancement for possessing a stolen firearm, pursuant to U.S.S.G. § 2K2.1(b)(4)(A), was improper.  Saunders asserts the district court erred in considering evidence—specifically, reports from the National Crime Information Center (NCIC) showing several of the firearms he possessed had been reported stolen—which lacked sufficient indicia of reliability, and in finding based on those reports that at least one of the firearms he possessed was stolen.  He also argues, for the first time on appeal, the district court erred in failing to make explicit findings of fact regarding the reliability of the evidence and violated his due process rights by considering unreliable evidence.  After review,[1] we affirm Saunders' sentence.

When a defendant challenges a fact underlying a sentencing enhancement, the government bears the burden of proving that fact by a preponderance of the evidence.  *United States v. Bradley*, 644 F.3d 1213, 1283, 1286-1287 (11th Cir. 2011).  In determining whether factors exist that would enhance a sentence, the district court can consider any information, including hearsay, regardless of its

---

[1]  We review a district court's factual findings on sentencing matters, including enhancements, for clear error.  *United States v. Bradley*, 644 F.3d 1213, 1283 (11th Cir. 2011).  Where a defendant fails to clearly state the grounds for an objection in the district court, we review only for plain error.  *United States v. Zinn*, 321 F.3d 1084, 1087-88 (11th Cir. 2003).

admissibility at trial, if (1) the evidence has sufficient indicia of reliability, (2) the court makes explicit findings of fact as to credibility, and (3) the defendant has an opportunity to rebut the evidence. *United States v. Baker*, 432 F.3d 1189, 1253 (11th Cir. 2005). Indicia of reliability are sufficient when they support the probable accuracy of the matter asserted. *Id.* at 1255; U.S.S.G. § 6A1.3(a). The absence of explicit findings on the reliability of hearsay statements used at sentencing "does not necessarily require reversal or remand where the reliability of the statements is apparent from the record." *United States v. Gordon*, 231 F.3d 750, 761 (11th Cir. 2000).

Furthermore, a defendant has a due process right not to be sentenced based on false or unreliable information. *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010). To show this right was violated, a defendant must show "(1) that the challenged evidence is materially false or unreliable and (2) that it actually served as the basis for the sentence." *Id.*

The district court did not clearly err in imposing the two-level enhancement for a stolen firearm. First, the district court did not clearly err by considering the NCIC reports at sentencing because they bore sufficient indicia of reliability to support the probable accuracy of the fact that at least one of Saunders' firearms was reported stolen. The reports contain sufficient information, including the firearms' serial numbers, to show the firearms listed are the ones Saunders

possessed.  The reports also clearly list Saunders' AMT as being reported "stolen,"
and the parties do not dispute this fact.  Because this Court has recognized NCIC
reports as generally reliable in other contexts, the district court did not clearly err
in determining that a theft report was actually made.  *See United States v.
McDonald*, 606 F.2d 552, 553-54 (5th Cir. 1979)[2] (recognizing NCIC printouts are
reliable enough to form the basis of the reasonable belief needed to establish
probable cause for arrest).

Second, the district court did not clearly err in finding, by a preponderance
of the evidence and based on the reports, that at least one of Saunders' firearms
was actually stolen.  Because the district court only needed to find that one firearm
was stolen, the fact that one was reported as "recovered" is irrelevant if the other's
reported theft was sufficient to permit the court to find that it was stolen.  *See*
U.S.S.G. §2K2.1(b)(4)(A).  Saunders' failure to produce evidence contradicting the
reports or undermining the truth of their assertions supported the district court's
finding.  Although Saunders claims that straw buyers often file false reports of
stolen firearms, he did not support this theory with any evidence.  Saunders
suggests the timing of the reports undermines their reliability, but it is not clear
why a report filed on December 20, 2011, for a firearm he sold on September 7,

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

2012, should be considered unreliable. While the assertion the firearm was stolen was not consistent with or corroborated by other evidence, given this Court's recognition of the general reliability of NCIC reports, the district court chose between two permissible views of the evidence and did not clearly err in finding that at least one of Saunders' firearms was stolen.

Third, the district court did not plainly err by failing to make explicit findings of fact regarding the reports' reliability. Immediately after overruling Saunders' objection to the two-level enhancement, the district court stated, "The court finds by a preponderance of the evidence based on the NCIC report presented to the court that the two firearms in question were reported as stolen and, therefore, the court finds that they were stolen firearms." Regardless of whether this is a sufficiently explicit finding of reliability, the district court did not need to make such a finding at all, because NCIC reports are generally recognized as reliable, making the reliability of the evidence apparent from the record. *See McDonald*, 606 F.3d at 553-54; *Gordon*, 231 F.3d at 761.

Lastly, because the NCIC reports were sufficiently reliable, Saunders' claim the district court committed a due process violation by relying on them at sentencing fails under plain error review. *See Ghertler*, 605 F.3d at 1269.

Accordingly, we affirm Saunders' sentence.

**AFFIRMED.**

5