**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Coy HINES, Defendant-Appellant.**

**No. 76–1665.**

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 27, 1977.

Decided Nov. 3, 1977.

Certiorari Denied Jan. 9, 1978. See 98 S.Ct. 748.

Betty Outhier Williams, Asst. U.S. Atty., Muskogee, Okl. (Richard A. Pyle, U.S. Atty., Muskogee, Okl., on the brief), for plaintiff-appellee.

Sheldon K. Ginsberg, Denver, Colo., for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Coy Hines appeals his jury conviction on five counts of selling stolen motor vehicles transported in interstate commerce knowing the same to have been stolen, in violation of 18 U.S.C. § 2313. He received identical concurrent sentences on all five convictions. On appeal, Hines challenges (1) the sufficiency of the evidence, and (2) the trial court's denial of his motions to quash a search warrant and suppress evidence obtained in the search.

The vehicle thefts occurred in Texas and the five vehicles were sold in Oklahoma following the thefts. Inasmuch as Hines was sentenced to serve concurrent sentences, we need only hold that one of the five guilty verdicts is without reversible infirmities. *Barnes v. U.S.*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); *U.S. v. Gamble*, 541 F.2d 873 (10th Cir. 1976). We decline to consider the contentions relating to counts other than Count I, and we, accordingly, affirm Hines' conviction on that count.

Count I charged the theft of a 1975 Lincoln Continental Mark IV. The vehicle's owner, Gladys Ritchie, testified that she had reported to the Ft. Worth Police De-

partment that it was stolen from a parking lot at Will Rogers Coliseum in Ft. Worth, Texas, on October 28, 1975. Her report was, in turn, communicated by the Ft. Worth Police Department to the National Crime Information Center (NCIC).

In November, 1975, Hines sold a 1975 Lincoln Continental Mark IV to David Cribbs in Milburn, Oklahoma. Cribbs was not provided a certificate of title to the car. On December 11, 1975, FBI Agent Danzer examined Cribbs' car at his residence, with his permission. The examination revealed a discrepancy between the public vehicle identification number (VIN) and the confidential VIN. After discovering this discrepancy, Danzer "ran" the confidential VIN through the NCIC computer and received a "hit"; that is, the VIN on the Lincoln sold to Cribbs by Hines was identical to the VIN on the Lincoln belonging to Ritchie. Hines was subsequently arrested and indicted.

I.

■ Hines attacks his conviction on the basis that there is insufficient evidence to support it. In assessing the merits of his contention, we must be guided by the often-expressed principle that, following a conviction, the evidence must be viewed in the light most favorable to the Government. *U.S. v. Gamble, supra; U.S. v. Yates,* 470 F.2d 968 (10th Cir. 1972). In determining whether there is substantial evidence, the appellate court must consider both direct and circumstantial evidence, together with all reasonable inferences to be drawn therefrom, from which a jury might find guilt beyond a reasonable doubt. *U.S. v. Crocker,* 510 F.2d 1129 (10th Cir. 1975); *U.S. v. Downen,* 496 F.2d 314 (10th Cir. 1974), *cert. denied,* 419 U.S. 897, 95 S.Ct. 177, 42 L.Ed.2d 142 (1975); *U.S. v. Yates, supra.*

In order to sustain a conviction for violation of 18 U.S.C. § 2313, it must be proved that: (1) the vehicle was stolen; (2) the vehicle was transported in interstate commerce; and (3) the defendant had knowledge that the vehicle was stolen when he received, concealed, stored, bartered, sold or

disposed of it. *U.S. v. Smith,* 461 F.2d 246 (10th Cir. 1972); *Phillips v. U.S.,* 206 F.2d 923 (10th Cir. 1953). Hines contends that there was not sufficient evidence to prove that the Lincoln sold to Cribbs by Hines was, in fact, the car that was stolen from Ritchie. The basis for this challenge is that hearsay evidence was improperly admitted to establish this nexus.

It is basic, of course, that the stolen vehicle and the one in the buyer's possession must be one and the same vehicle. *U.S. v. Bryant,* 490 F.2d 1372 (5th Cir. 1972). It then follows that the Government must prove this fact.

■ Hines alleges that the Government failed to prove this essential element because its witnesses relied upon information gathered from the NCIC computer bank and an invoice in testifying about the theft.

Hines relies on *U.S. v. Johnson,* 413 F.2d 1396 (5th Cir. 1969), in challenging the use of NCIC information, wherein testimony of an FBI agent relating to information received from the NCIC network was deemed to be double hearsay. In that case, unlike the instant case, the owner of the vehicle did not appear to testify as to the vehicle stolen. The Government tried, unsuccessfully, to introduce NCIC data as direct evidence of the theft. Here, however, testimony by FBI Agent Danzer as to information received from the NCIC computer bank was offered to corroborate that presented by the vehicle's owner; the NCIC information was not offered as direct evidence that the theft had occurred.

There are very few decisions where the reliability of NCIC reports has been challenged. However, information received from the NCIC computer bank has been routinely accepted in establishing probable cause for a valid arrest. *See, e.g., U.S. v. Smith, supra.* It logically follows, we believe, that if an NCIC "hit" is deemed adequate to establish probable cause for a valid arrest, it certainly possesses a sufficient degree of reliability and trustworthiness to qualify as corroborative evidence of a vehi-

cle theft. Because of this reliability, NCIC information has also been admitted for the purpose of refreshing an FBI agent's recollection about identification of a stolen vehicle. *U.S. v. Godwin,* 522 F.2d 1135 (4th Cir. 1975). Additionally, when used to corroborate the true owner's testimony concerning a theft, a variety of reports dealing with the theft have been deemed admissible. *See, U.S. v. Jacobson,* 536 F.2d 793 (8th Cir. 1976), *cert. denied,* 429 U.S. 864, 97 S.Ct. 171, 50 L.Ed.2d 144 (1977); *U.S. v. Tompkins,* 487 F.2d 146 (8th Cir. 1973), *cert. denied,* 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974).

The use of the NCIC computer network has provided valuable assistance to law enforcement officials in tracing stolen vehicles. The information submitted to the NCIC by local law enforcement agencies has proved to be of substantial corroborative value. Here, the NCIC information was not relied upon as direct evidence that a crime had been committed. It was, instead, used as corroborating evidence in aid of essential facts leading to proof of the commission of a crime. The Government did not rest its case on the NCIC report. Thus, the evidentiary use of the information obtained from the NCIC is, in this case, proper.

 Hines also challenges the action of the trial court in permitting Ritchie to refer to an invoice or bill of sale, which she claims to have received at the time of her purchase of the vehicle. This testimony was a predicate to Ritchie's identification of the automobile's VIN. This attack is predicated on the theory that such evidence is inadmissible hearsay because Ritchie had not prepared the invoice herself. We see no merit in this contention. Business records prepared in the regular course of business are admissible in evidence. Federal Business Records Act, 28 U.S.C. § 1732(a); F.R.E. 803(6), 28 U.S.C. Such documents possess a high degree of trustworthiness and the necessity of admitting them far outweighs the inconvenience that would re-

sult in having the person who prepared the document testify. The test of whether such records should be admitted rests upon their reliability. *U.S. v. Hickey,* 360 F.2d 127 (7th Cir. 1966), *cert. denied,* 385 U.S. 928, 87 S.Ct. 284, 17 L.Ed.2d 210 (1967). Here the test of reliability is met. Automobile manufacturers have a great interest in assuring that the VIN's on their products correspond with the appropriate invoices, for without careful, reliable identification procedures their business would greatly suffer or even fail. Because of their trustworthiness, invoices containing serial numbers of stolen cineboxes have been admitted as corroborative evidence. *Ashley v. U.S.,* 413 F.2d 249 (5th Cir. 1969). Further, we view the automobile invoice as admissible under Federal Business Records Act, and F.R.E. 803(6). Thus, we hold that the trial court did not err in admitting the invoice in evidence and in permitting Ritchie to refer to the invoice in giving her testimony relating to her ownership of the vehicle.

### II.

 Hines contends that the trial court erred in the denial of his motions to quash the search warrant and to suppress the evidence discovered in the course of the search. We need not consider Hines' attack on the warrant, inasmuch as nothing found in the search related to or was considered in relation to the crime charged in Count I.

We affirm on Count I and do not consider the other counts because of the concurrent nature of the sentences.