**Richard Paige HARRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–92–00579–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 11, 1993.

Discretionary Review Refused April 7, 1993.

---

James M. Leitner, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Karen A. Clark, Jeff Strange, Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, HEDGES and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

A jury found the appellant, Richard Paige Harris, guilty of unauthorized use of a motor vehicle. The trial court found an enhancement paragraph to be true and sentenced appellant to confinement of 15 years and one day. We affirm.

The appellant was indicted for the unauthorized use of a truck identified at trial as a white GMC Jimmy bearing the vehicle identification number (VIN) 1GKCS13Z4N2512531. The Jimmy was actually owned by Lester Goodson Pontiac–Honda–GMC, but the indictment alleged the owner of the truck to be John Sorenson, Lester Goodson's inventory control manager.

### Sufficiency of the evidence

In point of error one, the appellant asserts that the evidence was insufficient to sustain a conviction for the offense of

unauthorized use of a motor vehicle with John Sorenson alleged as the owner. Specifically, he contends that the record is devoid of evidence to prove that John Sorenson had title to the Jimmy, possession of the Jimmy, or a greater right to possession of the Jimmy than the appellant. Viewing the evidence in the light most favorable to the verdict, we must decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Villalon v. State,* 791 S.W.2d 130, 132 (Tex.Crim.App.1990).

■ A person commits an offense if he intentionally or knowingly operates another's boat, plane, or motor-propelled vehicle without the effective consent of the owner. Tex.Penal Code Ann. § 31.07(a) (Vernon 1989). The Texas Penal Code defines "owner" as a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor. Tex.Penal Code Ann. § 1.07(a)(24) (Vernon Supp.1993). "Possession" means actual care, custody, control or management. Tex.Penal Code Ann. § 1.07(a)(28) (Vernon 1974). Ownership may be proved in one of three ways: title, possession, or a greater right to possession than the defendant. *Alexander v. State,* 753 S.W.2d 390, 392 (Tex.Crim.App.1988); *Compton v. State,* 607 S.W.2d 246, 250 (Tex.Crim.App.1979).

■ When a corporation is the owner of the property that has been stolen, it is the preferable pleading practice to allege "special" ownership in a natural person acting for the corporation. *Simpson v. State,* 648 S.W.2d 1, 2 (Tex.Crim.App.1983); *Compton,* 607 S.W.2d at 250; *see also Sowders v. State,* 693 S.W.2d 448, 451 (Tex.Crim.App. 1985). The employment relationship determines whether a given individual is an "owner" within the meaning of section 1.07(a)(24). *Dingler v. State,* 705 S.W.2d 144, 149 (Tex.Crim.App.1984) (op. on reh'g); *Compton,* 607 S.W.2d at 250; *see also Jones v. State,* 714 S.W.2d 138, 140–41 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). Under the Penal Code, any person with a greater right to the actual care, custody, control, or management of the property than the defendant can be alleged as the "owner." *Alexander,* 753 S.W.2d at 392.

In *Dingler,* the defendant was convicted of burglary of a motor vehicle. The vehicle was owned by the Louis Shanks Corporation, which operated retail furniture stores. The indictment alleged that the owner of the vehicle was an individual by the name of White. White testified that he was the manager of one of the corporation's stores. He did not testify about his relationship to the burglarized vehicle or his job duties. He did not testify that he had care, custody, control, or management of the vehicle at the time in question. White did testify that he did not know the defendant and that "we did not give him permission to break into the vehicle." White did not testify he was a "special owner" of the vehicle. The burglary occurred at the company's warehouse, not at the store managed by White. The Court of Criminal Appeals held that the evidence was more than sufficient to prove that White was the "special owner" of the vehicle, and that the proof adequately showed that White had a greater right to possession than the defendant. *Dingler,* 705 S.W.2d at 150.

In *Jones,* the defendant tried unsuccessfully to rob a Church's Fried Chicken store. The indictment alleged ownership of the property to be in Lidia Marquez, an employee whose duties included preparing and serving food and cleaning tables. Marquez did not know how to open the cash register and was unable to comply when the defendant, brandishing a gun, ordered her to do so. *Jones,* 714 S.W.2d at 139. The State introduced no evidence to show that Marquez had either title to or actual care, custody, control, or management of the cash register's contents. This Court rejected the defendant's assertion that some control over the property in question is essential to establish ownership. We stated:

> Legally, the fact that Marquez was an employee of Church's gave her a "greater right to possession" of the property than appellant. The jury so found factually.... [T]he evidence, when viewed in the light most favorable to the prosecution, was sufficient for a rational trier of

fact to conclude beyond a reasonable doubt that Marquez, though without fiscal or managerial responsibilities, had a greater right of possession of Church's property than appellant.

*Id.* at 140–41 (citations omitted).

■ In the case before us, Sorenson testified that as inventory control manager, one of his responsibilities was to "physically inventory all of the new cars and used cars that are owned by Lester Goodson Pontiac." He testified that the Jimmy was the property of Lester Goodson and that he did not give the appellant permission to use the Jimmy on March 21, 1992. He further testified that State's exhibit one was a certified copy of the manufacturer's certificate of origin for the Jimmy recovered from the impound yard, and that the certificate reflected vehicle identification number 1GKCS13Z4N2512531. We hold that based on Sorenson's employment relationship with Lester Goodson Pontiac, the evidence was clearly sufficient to prove that Sorenson had a greater right to possession of the vehicle than the appellant. We overrule point of error one.

### Business records

In point of error two, the appellant contends that the trial court erred by allowing the State to enter into evidence the manufacturer's certificate of origin from General Motors Corporation as a business record of Lester Goodson Pontiac–Honda–GMC. Specifically, he argues that State's exhibit one, the certificate of origin, does not comply with the requirements of TEX.R.CRIM. EVID. 803(6), and is therefore inadmissible hearsay.

Rule 803(6) provides that the following is not excluded by the hearsay rule:

Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or oth-

er qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

The certificate of origin is signed by Sandra J. Donovan, the authorized representative of the "Truck and Bus Group, General Motors Corporation." The certificate provides in pertinent part:

I, the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the Invoice Number indicated to the following distributor or dealer.

The vehicle is described in the certificate as a 1992 GMC Jimmy, Vehicle Identification No. 1GKCS13Z4N2512531. The certificate indicates that the Jimmy was transferred to Goodson Pontiac–GMC–Honda on November 22, 1991.

The State asked Sorenson a series of questions to comply with the business records exception to the hearsay rule, and then offered the record. The appellant objected and took the witness on voir dire. On voir dire, defense counsel established that Sorenson did not know whether Sandra Donavan, the employee of General Motors who signed the certificate, had personal knowledge of the information contained in the certificate. The trial court overruled defense counsel's objection to the record and admitted the record into evidence.

■ The predicate for admissibility under the business records exception requires, among other things, that the party offering the evidence prove the record was made by, or from information transmitted by, a person with knowledge, and that the record be kept in the course of a regularly conducted business activity. *See Crane v. State*, 786 S.W.2d 338, 351 (Tex.Crim.App. 1990). The appellant contends the State was required to prove that each person who made any notation on the record had personal knowledge of each matter about which that person noted. We disagree.

■ The State's burden was to prove the records were the business records of Lester Goodson GMC; the State was not required to prove the records were the business records of General Motors. As the business records of Lester Goodson, they were admissible.

In *Cole v. State*, 839 S.W.2d 798 (Tex. Crim.App.1990), a case that addressed the propriety of using TEX.R.CRIM.EVID. 803(6), the Court of Criminal Appeals reminded us that the Texas Rules of Criminal Evidence are patterned after the Federal Rules of Evidence. In *Cole*, the court told us, "[C]ases interpreting federal rules should be consulted for guidance as to their scope and applicability unless the Texas rule clearly departs from its federal counterpart." *Id.* at 801. Texas Criminal Rule of Evidence 803(6) is substantively the same as the federal rule. Because we can find no Texas cases involving records such as the document at issue in this case, we look to federal cases interpreting Federal Rule of Evidence 803(6) for guidance.

In *United States v. Hines*, 564 F.2d 925 (10th Cir.1977), *aff'd*, 434 U.S. 1022, 98 S.Ct. 748, 54 L.Ed.2d 770 (1978), the court faced a situation remarkably similar to the one before this Court. In *Hines*, the defendant was convicted of selling stolen vehicles. *Id.* at 926. At trial, the owner of one of the cars referred to an invoice or bill of sale that she claimed to have received when she purchased the car. The defendant alleged that the evidence was inadmissible because the witness had not prepared the invoice herself. *Id.* at 928. The court disagreed and stated:

> This testimony was a predicate to Ritchie's identification of the automobile's VIN.... Business records prepared in the regular course of business are admissible in evidence. Such documents possess a high degree of trustworthiness and the necessity of admitting them far outweighs the inconvenience that would result in having the person who prepared the document testify. *The test of whether such records should be admitted rests upon their reliability. Here the test of reliability is met. Automobile manufacturers have a great interest in assuring that the VIN's on their prod-*

*ucts correspond with the appropriate invoices, for without careful, reliable identification procedures their business would greatly suffer or even fail* .... [W]e view the automobile invoice as admissible under [the] Federal Business Records Act and F.R.E. 803(6).

*Id.* (citations omitted, emphasis added); *but see United States v. Pellulo*, 964 F.2d 193, 201 (3d Cir.1992) (bank records not admissible under rule 803(6) simply because there are some indicia of the trustworthiness of the statements; a witness or documentary evidence must lay the foundation required by the rule).

We find the reasoning in *Hines* persuasive. We further find that, for the reasons identified in *Hines*, State's exhibit one, the manufacturer's certificate of origin from General Motors Corporation, possesses a high degree of trustworthiness. Because the certificate possesses a high degree of trustworthiness and because Sorenson testified that the certificate was kept in the regular course of Lester Goodson's business, we hold that it was admissible under rule 803(6).

■ The State also argues that the document was admissible under TEX.R.CRIM. EVID. 803(15). We agree.

Rule 803(15) provides that the following is not excluded by the hearsay rule:

> Statements in documents affecting an interest in property. A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document.

The certificate of origin certifies that General Motors, the owner of the 1992 GMC Jimmy bearing vehicle identification number 1GKCS13Z4N2512531, transferred the Jimmy to Goodson Pontiac–GMC–Honda on November 22, 1991, and this transfer was the first such transfer of the vehicle in ordinary trade and commerce. Thus, the certificate clearly establishes Lester Goodson's interest in the Jimmy. The certificate was admitted to prove the Jimmy's

vehicle identification number. The VIN established that Lester Goodson owned the Jimmy in which the appellant was seen immediately prior to his arrest. The VIN, which identified the vehicle being transferred from General Motors to the dealership, was obviously relevant to the purpose of the certificate. No evidence was introduced to indicate any inconsistency between the VIN on the Jimmy and the VIN on the certificate, nor was there evidence that the Jimmy was not the property of Lester Goodson at the time of the offense. We hold that the certificate of origin was admissible as a statement affecting an interest in property pursuant to rule 803(15). *See Madden v. State*, 799 S.W.2d 683, 698 (Tex.Crim.App.1990) (handwritten list of murder victim's weapons and corresponding serial numbers admissible as a statement affecting an interest in property, even though it was not a legally executed document).

The trial court did not specify the reason it overruled defense counsel's objection to the certificate of origin. If a trial court's decision is correct on any theory of law applicable to the case, we will sustain it on appeal. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

We overrule point of error two.