JOURNAL ENTRY and OPINION
A jury found defendant Ernesto Jara guilty of two counts of tampering with official records after he used a fake social security number in an attempt to obtain an Ohio identification card. His two assignments of error complain that the state failed to present sufficient evidence to show that (1) he knowingly used a fake social security number and (2) the social security number was bogus. The state has not filed a brief in support of the judgment of conviction.
In lieu of a driver's license, a person may obtain an identification card issued by the state. The requirements are that the applicant present a valid social security number and some other form of identification. Defendant, a foreign national of Ecuador, presented his Ecuadoran passport and a social security card, and received an identification card. Two weeks later, he tried to obtain a temporary instruction identification card. A deputy registrar at the Bureau of Motor Vehicles thought the social security card presented by defendant was fake. The deputy registrar alerted the Ohio Highway Patrol, which confirmed that the social security number contained an invalid prefix. During questioning, defendant admitted that he paid someone to obtain the card for him. Defendant also carried what the state trooper believed to be a forged resident alien card.
Defendant testified and denied any knowledge that the social security card had been obtained illegally. He said that he obtained a taxpayer's identification number and thought that number was the social security number. He later visited New York City and learned that he could obtain a driver's license as long as he had a social security card. He paid a friend of a friend $70 to obtain a social security card. The social security card bore the same number as the taxpayer identification card, although the taxpayer identification card clearly stated that it was not a social security number.
The state charged defendant under R.C. 2913.42:
 (A) No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following:
 (1) Falsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record;
 (2) Utter any writing or record, knowing it to have been tampered with as provided in division (A)(1) of this section.
The requirement that the defendant must have acted knowing that he had no privilege to do so means that he must have been aware, regardless of his purpose, that his conduct will probably cause a certain result. See R.C. 2901.22(B).
Appellate review of a court's refusal to grant a Crim.R. 29 motion for judgment of acquittal is the same as that for any argument relating to the sufficiency of the evidence. State v. Bridgeman(1978),55 Ohio St.2d 261, syllabus. We must look at the evidence in a light most favorable to the state and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Waddy (1992), 63 Ohio St.3d 424, 430.
A reasonable trier of fact could have found that defendant knowingly obtained a fraudulent social security card and then used that card to obtain both an Ohio identification card and an Ohio temporary instruction card. Defendant admitted entering the United States illegally, so the jury could reasonably have inferred that defendant knew that any official application for a social security card would have exposed him as an illegal alien. This inference was bolstered by the state trooper's testimony that defendant carried a fake resident alien card suggesting that his acquisition of the cards at issue in this case was not his first foray into forgery and deceit. The jury could also have found it suspicious that defendant paid a stranger money to obtain a social security card, and that the social security card bore the same number as his taxpayer identification number.
Defendant next argues that the state failed to carry its burden of proving that the social security number was invalid. He maintains that a proper foundation for this fact should have been given by a representative of the Social Security Administration, not a detective with the Ohio Highway Patrol.
The state presented a computer printout from the National Crime Information Center (NCIC). The printout stated, THE SOC USED IN YOUR TRANSACTION HAS NOT BEEN ASSIGNED BY THE SOCIAL SECURITY ADMINISTRATION. PLEASE CHECK FOR A DATA ENTRY ERROR. (Uppercase lettering sic.)
It is generally accepted that a printout from the NCIC is sufficient to establish probable cause for arrest, but not as definitive evidence for conviction. See Case v. Kitsap Cty. Sheriff's Dept. (C.A.9, 2001),249 F.3d 921, 928 (collecting cases). Nonetheless, if the information is reliable enough to establish probable cause for arrest, it certainly possesses a significant degree of reliability and trustworthiness to qualify as corroborative evidence * * *. United States v. Hines (C.A.10, 1977), 564 F.2d 925, 927-928.
Defendant's argument mistakenly assumes that the NCIC printout constituted the only evidence showing that the social security card had been a fake. The state provided sufficient independent evidence to show that the defendant possessed a fake social security card. The social security number matched that on defendant's taxpayer identification card, even though the taxpayer identification card specifically noted that it was not a social security number. The state trooper had specific training in detecting counterfeit or fraudulent social security cards, and pointed out several flaws with the fake card that confirmed it was not government-issued, most notably his knowledge that the first three digits of the social security numbers were not used by the Social Security Administration. The NCIC printout merely corroborated the state trooper's suspicions. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCUR.