Opinion issued July 1, 2004
 














     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01258-CR




DANIEL ADAM BELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 915641




O P I N I O N

          A jury convicted appellant Daniel Adam Bell of felony theft of property valued
at over $1,500, and the trial court assessed punishment at confinement for two years. 
Bell appeals, contending that (1) the trial court erred in admitting business records
offered to prove the value of the stolen property, and (2) if his trial counsel’s
objection to the admission of this evidence failed to preserve error, then he lacked
effective assistance of counsel. We conclude that the trial court did not abuse its
discretion in admitting the records and, therefore, affirm. As Bell conditioned his
ineffective assistance claim upon his trial counsel’s failure to preserve error regarding
the trial court’s admission of the business records, we do not address his second point
of error.



Facts
          In December 2001, Bell brought a tractor on a trailer to HeavyQuip, a business
that repairs heavy equipment located in Houston, Texas. Bell left the tractor and
trailer at HeavyQuip. The trailer that Bell left was “rusty red” in color, and described
as “old” and “rusted out.” In January 2001, an employee of B&D Construction
brought a piece of heavy equipment in need of repair to HeavyQuip on a trailer, and
like Bell, left the equipment and trailer on HeavyQuip’s property. B&D’s trailer was
comparable to Bell’s trailer in that it was a gooseneck trailer of about the same length,
but unlike Bell’s trailer, B&D’s trailer was “brand-new.”
          Although HeavyQuip had not finished repairing Bell’s tractor, Bell arrived at
HeavyQuip several days after B&D left its trailer to check on the status of the repair. 
Witnesses saw Bell’s truck leave HeavyQuip later that day, towing B&D’s trailer. 
B&D filed a claim on HeavyQuip’s liability insurance policy, underwritten by St.
Paul Guardian Insurance Company (“St. Paul”).
          At trial, HeavyQuip’s records custodian, Ellen Neadom, testified that she
communicated with St. Paul and received documents from it regarding B&D’s claim. 
Included among these documents is (1) a letter from St. Paul to HeavyQuip informing
HeavyQuip that it had offered to settle B&D’s claim for $7,125 and (2) a letter from
St. Paul to HeavyQuip reflecting that it had settled B&D’s claim for $7,864. The trial
court admitted both documents as HeavyQuip’s business records, over Bell’s hearsay
objection.
The Admission of Evidence
          A trial court has broad discretion in determining the admissibility of evidence. 
Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). Thus, we will not
reverse an evidentiary ruling unless the record shows a clear abuse of discretion. 
Williams v. State, 535 S.W.2d 637, 639–40 (Tex. Crim. App. 1976). An abuse of
discretion occurs when the trial court acts without reference to guiding rules or
principles or acts arbitrarily or unreasonably. Galliford v. State, 101 S.W.3d 600, 604
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).
          Bell contends that the State failed to establish a proper predicate for admitting
the two letters, because the State did not offer a business records affidavit or
testimony from a St. Paul records custodian. Instead, the State offered the testimony
of Ellen Neadom, HeavyQuip’s records custodian, to establish a predicate under the
business records exception to the hearsay rule. See Tex. R. Evid. 803(6). Bell
contends that, to meet the hearsay exception set forth in Rule 803(6), “the same
‘business activity’ must both make and keep the records in question,” and thus
Neadom’s testimony is an insufficient foundation for admissibility of the letters.
          Under these facts, we disagree with Bell’s assessment. Rule 803(6) of the
Texas Rules of Evidence excepts from the hearsay rule:
A memorandum, report, record, or data compilation, in any form, of acts,
events, conditions, opinions, or diagnoses, made at or near the time by,
or from information transmitted by, a person with knowledge, if kept in
the course of a regularly conducted business activity to make the
memorandum, report, record, or data compilation, all as shown by the
testimony of the custodian or other qualified witness, or by affidavit that
complies with Rule 902(10), unless the source of information or the
method or circumstances of preparation indicate lack of trustworthiness. 
‘Business’ as used in this paragraph includes any and every kind of
regular organized activity whether conducted for profit or not.

Tex. R. Evid. 803(6). A document prepared by a third party may be admissible under
Rule 803(6) if: (1) it is incorporated and kept in the course of the testifying
witnesses’ business; (2) that business typically relies upon the accuracy of the
contents of the document; and (3) the circumstances otherwise indicate the
trustworthiness of the document. See Harris v. State, 846 S.W.2d 960, 963–64 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d).
          In Harris, we held that a certificate of origin from the General Motors
Corporation was admissible under Rule 803(6) as the business record of a local
automobile dealership, notwithstanding the fact that the State’s testifying witness was
unaware whether the General Motors employee who created it had personal
knowledge of the information contained within it. Id. at 963. In Harris, we adopted
the Tenth Circuit’s analysis in United States v. Hines, in which that court held that
documents created by a third party incorporated into the regular course of the
testifying witness’s business are admissible under Federal Rule of Evidence 803(6). 
Harris, 846 S.W.2d at 964 (quoting United States v. Hines, 564 F.2d 925, 928 (10th
Cir. 1977), cert. denied, 434 U.S. 1022, 98 S. Ct. 748 (1978)) (“The test of whether
such records should be admitted rests on their reliability.”). We concluded in Harris
that the document at issue possessed a high degree of trustworthiness and was kept
in the regular course of the testifying witnesses’ business, and thus the trial court did
not abuse its discretion in admitting the document under Rule 803(6). See id.



          In Air Land Forwarders, Inc. v. United States, 172 F.3d 1338, 1343 (Fed. Cir.
1999), the Federal Circuit Court of Appeals reached a similar conclusion, specifically
with regard to claims for loss or damage to property. In Air Land, the Federal Circuit
reviewed federal decisions regarding incorporating business records, and observed
that courts consider two factors: (1) whether the incorporating business relies on the
accuracy of the document incorporated, and (2) the presence of other circumstances
indicating the trustworthiness of the document. Id. It concluded that third party
repair or loss estimates met the reliability test of Rule 803(6), as the estimates had
been relied upon to settle property damage claims. Id. at 1343–44.
          Applying the rule in Harris to this case, the trial court heard evidence that
HeavyQuip relied upon and incorporated the St. Paul letters into its business records. 
Neadom testified that she was the legal custodian of the business records for
HeavyQuip, and that her responsibilities included notifying HeavyQuip’s corporate
office in the event that “something turns up missing,” so that the corporate office
could notify St. Paul of a claim. She testified that the letters are records that
HeavyQuip kept in the regular course of its business, and that the letters were created
at or near the time of the disappearance of the missing trailer because a claim had
been made on HeavyQuip’s insurance policy. St. Paul contacted HeavyQuip’s
Houston office, and Neadom testified that she communicated with and received the
letters from St. Paul in connection with those communications. Neadom explained
that one letter notifies HeavyQuip that it had offered to settle B&D’s claim for
$7,125. The other letter is a “closing report” from St. Paul informing HeavyQuip that
it had resolved B&D’s claim for $7,864. HeavyQuip relied upon the letters in its
business, as Neadom testified that HeavyQuip was liable to B&D for the value of the
trailer. Thus, St. Paul’s payment resolved HeavyQuip’s liability for the stolen trailer,
and resolved HeavyQuip’s claim on its insurance policy.
          Moreover, the circumstances indicate the letters’ trustworthiness. They
identify B&D as the claimant, HeavyQuip as the insured, and that the date of the
occurrence giving rise to B&D’s claim was January 15, 2002. St. Paul sent the letters
to HeavyQuip in compliance with Article 21.56 of the Texas Insurance Code, in order
to notify HeavyQuip of the status of the claim made under HeavyQuip’s policy. See
Tex. Ins. Code Ann. art. 21.56 (Vernon Supp. 2004). St. Paul’s financial interest
corresponds to Bell’s, as St. Paul was financially responsible for paying B&D’s
claim, and thus would seek to resolve the claim within the lowest possible fair market
evaluation of the trailer. Finally, HeavyQuip relied upon these letters to show
resolution of B&D’s claim against it. The evidence thus provides support for the
reliability of the letters. We therefore conclude that the trial court did not abuse its
discretion in admitting them under the Rule 803(6) business records exception.
Conclusion 
           Business records used in one business, created by a third party at their behest,
may be admissible under Rule 803(6) of the Texas Rules of Evidence if (1) the
incorporating business relies upon the information transmitted in the records in the
normal course of its business and (2) the circumstances otherwise indicate the
trustworthiness of the document. HeavyQuip incorporated the two letters that St.
Paul created into its business records and relied upon them. Moreover, the
circumstances indicate their trustworthiness. We therefore conclude that the trial
court did not abuse its discretion in admitting the letters, and affirm the trial court’s
judgment.
 
                                                             Jane Bland
                                                             Justice

Panel consists of Chief Justice Radack and Justices Keyes and Bland.
Publish. Tex. R. App. P. 47.2(b).