Affirmed and Memorandum Opinion filed December 14, 2004









Affirmed
and Memorandum Opinion filed December 14, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00768-CR

_______________

 

MONICA ANN CARMOUCHE,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

______________________________________________________

 

On Appeal from County Criminal Court at Law No. 6

Harris County, Texas

Trial Court Cause No. 1143007

______________________________________________________

 

M
E M O R A N D U M   O P I N I O N

Appellant Monica Ann Carmouche was charged by information
with misdemeanor assault and convicted by a jury.  The jury assessed punishment at 300 days= confinement in the Harris County
jail and a $500 fine.  In one issue,
appellant contends the trial court erred in admitting records of two medical
facilities because the State failed to establish the proper predicate for
admission of these documents under the business records exception to the
hearsay rule.  We agree; however, because
we conclude the admission of the records was harmless error, we affirm the
judgment of the trial court.








I.  Factual Background

In May 2002, Tambra Stickney sought to involuntarily commit
her son Joshua to a drug treatment program and requested a mental health
warrant for his arrest.  At the time,
Joshua was staying with his father, Steve Stickney, and appellant, his father=s girlfriend.  The warrant was executed by constables on May
25, 2002, without Steve Stickney=s or appellant=s knowledge.  That evening, when appellant went to Tambra=s apartment looking for Joshua, an
altercation between the two women ensued. 
Tambra suffered bruises and a broken arm as a result of the altercation,
and she was taken by ambulance to the hospital.

After a jury convicted appellant and assessed punishment,
this appeal followed.

II.  Issue Presented and Standard of Review

In her sole issue, appellant contends the trial court erred
in admitting the business records of two medical facilities, St. Catherine and
Memorial hospitals, as the business records of a third unrelated medical
facility, Orthopedic Associates (AO.A.@). 
Appellant argues the records were improperly admitted because the State
failed to offer them through the testimony of a qualified witness or by
affidavit as required by Rule of Evidence 803(6), and, therefore, the records
are inadmissible hearsay.  See Tex. R. Evid. 803(6). 

A trial court has broad discretion regarding the admissibility
of evidence, and we reverse only upon a showing of a clear abuse of that
discretion.  West v. State, 124
S.W.3d 732, 734 (Tex. App.CHouston [1st Dist.] 2003, no pet.).  An abuse of discretion occurs when a trial
court acts without reference to guiding rules or principles, or acts
arbitrarily or unreasonably.  Galliford
v. State, 101 S.W.3d 600, 604 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d). 
When there is evidence supporting the trial court=s decision to admit evidence, there
is no abuse and the reviewing court defers to that decision.  Osbourn v. State, 92 S.W.3d 531, 537B38 (Tex. Crim. App. 2002).








A. 
Did the Trial Court Err in Admitting the Medical Records?

During trial the State offered into evidence, as Exhibit 5,
Tambra=s medical records from O.A.; however,
in addition to the records from O.A., Exhibit 5 contained Tambra=s medical records from St. Catherine
and Memorial hospitals.  The exhibit was
offered in its entirety as the business records of O.A. through an affidavit
signed by O.A.=s custodian of records.  Appellant=s trial counsel objected, stating
that the records from St. Catherine and Memorial were inadmissible hearsay
within hearsay because they were not part of the regularly conducted business
activities of O.A., and the State had failed to establish an exception to the
hearsay rule allowing for their admission.[1]  The trial court overruled the objection. 








Rule of Evidence 803(6) provides an exception to the hearsay
rule for business records if the offering party shows (1) the records were made
and kept in the regular course of business; (2) the business kept the records
as part of its regular practice; (3) the records were made at or near the time
of the event they contain; and (4) the person making the records or submitting
the information had personal knowledge of the events being recorded.  See Tex.
R. Evid. 803(6);[2]
Philpot v. State, 897 S.W.2d 848, 851B52 (Tex. App.CDallas 1995, pet. ref=d). 
This foundational requirement can be satisfied through testimony of the
custodian of the records or other qualified witness, or by an affidavit that
complies with Rule 902(10).  Tex. R. Evid. 803(6). 

Third-party documents can become the business records of an
organization and, consequently, admissible under 803(6), if the records are (1)
incorporated and kept in the course of the testifying witnesses= business; (2) the business typically
relies upon the accuracy of the contents of the document; and (3) the
circumstances otherwise indicate the trustworthiness of the document.  Bell v. State, ___ S.W.3d ___, ___;
No. 01-02-01258-CR, 2004 WL 1472002, at *2 (Tex. App.CHouston [1st Dist.] July 1, 2004, no
pet.).  On the record before us, we
conclude the affidavit accompanying Exhibit 5 falls short of these requirements
and thus, does not establish that the records of St. Catherine and Memorial
were the business records of O.A.  

The affidavit attached to Exhibit 5 was signed by O.A.=s custodian of records and states
that O.A. kept the records as follows: 








[I]n the regular course of business, and it was the
regular course of business of [O.A.] for an employee or representative of
[O.A.] with knowledge of the act, event, condition, opinion, or diagnosis,
recorded to make the record or to transmit information thereof to be included
in such records; and the record was made at or near the time or reasonably soon
thereafter. 

 

Thus, the affidavit recites only the basic predicate under 803(6).  See Tex.
R. Evid. 803(6).  It does not
establish that St. Catherine=s or Memorial=s records were incorporated into O.A.=s records in the regular course of
O.A.=s business, or that O.A. typically
relies on their accuracy.  Nor does it
address the trustworthiness of the records. 
See Bell, 2004 WL 1472002, at *2. 
Therefore, the State failed to establish that the records of St.
Catherine and Memorial were the business records of O.A.[3]

In sum, under these facts, the State failed to show the St.
Catherine and Memorial documents were the business records of O.A.[4]  Therefore, because the State provided no
other exception to the hearsay rule allowing for their admission, we conclude
the records are inadmissible hearsay and the trial court abused its discretion
in admitting them.  Cf. Harris v.
State, 846 S.W.2d 960, 964 (Tex. App.CHouston [1st Dist.] 1993, pet. ref=d) (concluding a manufacturer=s certificate of origin was
incorporated into the records of car dealership and admissible under 803(6) as
the dealership=s record because the certificates
were trustworthy and custodian=s testimony revealed they were kept in the dealer=s ordinary course of business).[5]  








B. 
Was the Admission of the Records Harmful Error?

Having concluded the trial court erred in admitting the
records of St. Catherine and Memorial as the business records of O.A., we must
now determine whether that error was harmful. 
When analyzing harm, Rule of Appellate Procedure 44.2 determines our
standard of review, depending on the nature of the injury.  See Tex.
R. App. P. 44.2; Easley v. State, 986 S.W.2d 264, 267 (Tex. App.CSan Antonio 1998, no pet.).  When the error is not constitutional in
nature, as here, it must be disregarded unless it affects a substantial
right.  See Tex. R. App. P. 44.2(b); Potier v.
State, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002); Fox v. State, 115
S.W.3d 550, 563 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d). 
Under Rule 44.2(b), a substantial right is affected if: A(1) the error had a >substantial and injurious= effect or influence in determining
the jury=s verdict or (2) leaves one in grave
doubt whether it had such an effect.@ 
Davis v. State, 22 S.W.3d 8, 12 (Tex. App.CHouston [14th Dist.] 2000, no
pet.).   

After reviewing the medical records at issue, we conclude
they are either irrelevant or cumulative of other evidence admitted without
objection and consequently, had no effect on appellant=s substantial rights.  Neither the records of St. Catherine nor
Memorial contain any statements other than those made by Tambra or by her
treating physicians describing Tambra=s injuries and examination
results.  There are no statements in the
records describing how Tambra received her injuries or who may have inflicted
them.[6]  The records contain only medical
information.  








The ten pages of records from Memorial contain bone-density
graphs and reports showing Tambra has osteoporosis.[7]  However, nothing in Memorial=s records has any bearing on the
injuries Tambra suffered as a result of the altercation with appellant.  Therefore, Memorial=s records are irrelevant to this case
and do not affect appellant=s substantial rights.  Id.  

The eight pages of imaging reports from St. Catherine confirm
Tambra=s broken left arm and state that she
experienced pain.  The records of O.A.,
to which appellant made no objection at trial, also show Tambra had a broken
left arm.  The State further showed Tambra
suffered a broken arm by introducing a photograph of her arm with a cast on
it.  Thus, the State proved Tambra
suffered a broken arm by evidence other than the records of St. Catherine
contained in Exhibit 5.  In addition,
Exhibit 6, Tambra=s medical records from another facility which were properly
admitted, contains five pages of records from St. Catherine identical to those
contained in Exhibit 5, making most of St. Catherine=s records in Exhibit 5
cumulative.  

In sum, the improperly admitted records  had no substantial effect or influence on the
jury=s verdict, and we are not in grave
doubt as to whether it had such an effect. 
See Davis, 22 S.W.3d at 12; Franks v. State, 90 S.W.3d
771, 805B06 (Tex. App.CFort Worth 2002, no pet.) (holding
that because the complained‑of testimony was mostly cumulative of other evidence
introduced in the case, no harm attached); Mack v. State, 928 S.W.2d
219, 225 (Tex. App.CAustin 1996, pet. ref=d) (ruling error is not reversible Aif other evidence at trial is
admitted without objection and it proves the same fact or facts that the
inadmissible evidence sought to prove@). 
Thus, we disregard the error.  See
Tex. R. App. P. 44.2(b).  Accordingly, appellant=s sole issue is overruled.








For the foregoing reasons, the judgment of the trial court is
affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed
December 14, 2004.

Panel consists of Justices Yates, Fowler, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The affidavit accompanying Exhibit 5 was not properly
notarized.  Appellant claims in her brief
that the whole of Exhibit 5 is inadmissible because it fails to comply with
902(10) in that the affidavit is not notarized. 
See Tex. R. Evid. 902(10).  At oral argument, however, appellant conceded
that trial counsel failed to properly preserve this error.  When the records were offered, appellant=s counsel stated: 
AIn regard to State=s
Exhibit[ ] 5 . . . we do find the affidavit is proper . . . .@  Because error
was not preserved, appellant cannot now complain that Exhibit 5=s affidavit was not notarized.  See Tex.
R. App. P. 33.1(a); Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim.
App. 1998) (stating to preserve error, the complaining party must make a
timely, specific objection to the trial court and obtain an adverse ruling).





[2]  Specifically, Rule 803(6) provides:

 

(6) Records of Regularly
Conducted Activity.  A memorandum,
report, record, or data compilation, in any form, of acts, events, conditions,
opinions, or diagnoses, made at or near the time by, or from information transmitted
by, a person with knowledge, if kept in the course of a regularly conducted
business activity, and if it was the regular practice of that business activity
to make the memorandum, report, record, or data compilation, all as shown by
the testimony of the custodian or other qualified witness, or by affidavit that
complies with Rule 902(10), unless the source of information or the method or
circumstances of preparation indicate lack of trustworthiness.  ABusiness@ as used in this paragraph includes any and every kind
of regular organized activity whether conducted for profit or not.

 

Tex. R.
Evid. 803(6). 





[3]  Although common knowledge suggests that O.A. and
similar medical facilities would indeed rely on the accuracy of medical records
from other healthcare providers, our caselaw requires more.  See Bell v. State, ___ S.W.3d
___, ___; No. 01-02-01258-CR, 2004 WL 1472002, at *2 (Tex. App.CHouston [1st Dist.] July 1, 2004, no pet.).  Here, there is nothing in the record to
indicate that O.A. incorporated the records of other healthcare providers into
its own records or typically relied on the accuracy of the records of other
providers. 





[4]  Because the business records of St. Catherine and
Memorial do not meet the first two requirements set forth in Bell, and
are thus inadmissible hearsay, it is unnecessary to discuss the third
requirement of trustworthiness.  See
id.  





[5]  In Bell and Harris, the custodian of
records actually testified at trial to establish the 803(6) predicate; the
business records were not submitted with affidavits.  See id. at *3; Harris v. State,
846 S.W.2d 960, 963B64 (Tex. App.CHouston
[1st Dist.] 1993, pet. ref=d).  In Bell,
the court heard specific testimony regarding the business=s reliance on the third-party documents.  2004 WL 1472002, at *3.  Such testimony is lacking in this case,
making O.A.=s reliance speculative. 





[6]  In contrast, the records of O.A., to which appellant
did not object at trial, contain Tambra=s
statement:  AI was assaulted at 8:45 pm Sat., 5-25-02.  Was repeatedly hit on arms, head, face [sic]
with fists.@ 





[7]  In addition, two of the documents are photocopies,
resulting in the submission of two identical records.