Opinion issued November 29, 2007


















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00649-CR




SHAKOOFEH E. REZAIE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 997317




CONCURRING OPINION
          In her sole issue, appellant, Shakoofeh E. Rezaie, argues that the trial court
erred in admitting a computer printout of a credit application into evidence as a
business record because the supporting business record affidavit “does not include
a statement that the records were made by a person with personal knowledge.”
However, the computer printout is a business record, and the supporting business
record affidavit substantially complies with Texas Rules of Evidence 803(6) and
902(10). See Tex. R. Evid 803(6), 902(10). Accordingly, I concur in the judgment
of this Court. 
          A person commits the offense of fraudulent use or possession of identifying
information “if the person obtains, possesses, transfers, or uses identifying
information of another person without the other person’s consent and with intent to
harm or defraud another.” Act of May 29, 1999, 76th Leg., R.S., ch. 1159, § 1, 1999
Tex. Gen. Laws 4064, 4064 (amended 2003 & 2007) (current version at Tex. Penal
Code Ann. § 32.51(b) (Vernon Supp. 2007)). “Identifying information” includes,
among other things, an individual’s name, social security number, date of birth, and
government-issued identification number. Tex. Penal Code Ann. § 32.51(a)(1)(A).
          Here, in order to prove appellant guilty of the offense, the State had to show
that appellant had, in fact, used the complainant’s identifying information to obtain
the Dillard’s credit card. It did this by introducing State’s Exhibit 2, the computer
printout of the application for credit, attached to the business records affidavit of
James Kucharski, the custodian of records for Dillard National Bank (“the Bank”).
The computer printout showed that the complainant’s name, social security number,
and birth date had been used on the application along with appellant’s apartment
number. 
          The majority asserts that “[t]he computer printout of the credit application was
not offered to prove the truth of the statements within the application. Rather, it was
offered to show that an application was made.” It concludes, therefore, that
“[a]lthough the application is a record that is kept by the Bank, it is not hearsay.” 
Again, however, the State needed to prove not just that “an application was made,”
but, more specifically, that appellant actually used the complainant’s identifying
information in the application. See id. § 32.51(b). The State did this by showing that
appellant used appellant’s own address, apartment number 9, instead of the
complainant’s address, apartment number 4, on the application. This directly
connected appellant to the offense. Thus, the State used the credit application to
prove the truth of at least one of the matters asserted in the application. See Tex. R.
Evid. 801(c) (“‘Matter asserted’ includes any matter explicitly asserted, and any
matter implied by a statement, if the probative value of the statement as offered flows
from declarant’s belief as to the matter.”). The majority errs in concluding otherwise. 
      Nevertheless, the trial court did not err in admitting the credit application into
evidence as a business record. Appellant argues that the supporting affidavit of
Kucharski is not in substantial compliance with the rules of evidence because it “fails
to state the records were made by a person with knowledge.” See Tex. R. Evid
803(6), 902(10). In his affidavit, Kucharski states that the record was “made at or
near the time indicated in the documents and were transmitted by or to a person in
Dillard National Bank.” Although Kucharski did not expressly state that the credit
application was transmitted by or to a person “with knowledge,” such knowledge can
be inferred from the statement itself. Presumably, one has knowledge of what one is
receiving and transmitting. 
          Although it is clearly the better practice to follow verbatim the sample affidavit
supplied in rule 902(10)(b), “an affidavit which substantially complies” with the rule
“shall suffice.” Tex. R. Evid. 902(10)(b). Moreover, the ultimate issue under rule
803(6) is the reliability of the record. See Harris v. State, 846 S.W.2d 960, 964 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref’d) (citing United States v. Hines, 564 F.2d
925 (10th Cir. 1977), aff’d, 434 U.S. 1022, 98 S. Ct. 748 (1978). Here, the Bank had
a great interest in assuring that the information obtained from those applying for
credit correspond with its records. See id. Because the information in the computer
printout possesses a high degree of trustworthiness and because Kucharski testified
that it was kept in the regular course of the Bank’s business, I would hold that it was
admissible under rules 803(6) and 902(10)(b). See id.
          Alternatively, appellant argues that “portions of the document do not qualify
as business records and, thus, contain “inadmissible hearsay within hearsay.” 
However, appellant did not object to the evidence on this basis in the trial court. 
Thus, she waived any error on this ground. See Tex. R. App. P. 33.1. 
          Accordingly, I concur in the judgment of this Court. 
 
 

                                                             Terry Jennings
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Justice Jennings, concurring. 

Publish. Tex. R. App. P. 47.2(b).