Noble Lee SIMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 62,164.

Court of Criminal Appeals of Texas,
Panel No. 2.

April 6, 1983.

John C. Cutler, Ken J. McLean (on appeal only), Houston, for appellant.

Charles J. Sebesta, Jr., Dist. Atty., Caldwell, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and McCORMICK, J.

OPINION

McCORMICK, Judge.

Appellant was convicted of theft over $10,000.00. Punishment was assessed at five years' confinement and a $10,000.00 fine.

Appellant challenges the sufficiency of the evidence to establish that Rex Reagan, Superintendent of Hulcher Emergency Services, Inc., was the owner of the property allegedly taken. In conjunction with this challenge to the sufficiency of the evidence, appellant contends that the proof of ownership at trial is at variance with that alleged in the indictment.

The indictment in pertinent part alleges that appellant

"... did then and there unlawfully obtain property, to wit: one white freightliner truck tractor, one Hyster 40 foot Low-boy trailer, one Cat 583 side-boom caterpillar of the value of more than $10,000.00 from Rex Reagan, Superintendant of Hulcher Emergency Services, Inc., without the effective consent of the owner, Rex Reagan, Superintendant of Hulcher Emergency Services, Inc., and with intent to deprive the said owner of said property...."

Harold Bell Bird, a witness for the State, testified that he was division superintendent with Hulcher Emergency Services, Inc. He testified that at the time of trial Hulcher Emergency Services, Inc., had one division in Texas, operating out of Greenville and he was in charge of that division. Bird stated that at the time of this offense a division of the corporation was also operated out of Giddings but that the division was closed on September 1, 1977. Bird further stated that he was familiar with the stolen equipment and that he had never given anyone permission to take the equipment. Finally, Bird testified that Rex Reagan had

been the division superintendent in Giddings at the time of the offense but he now worked in Nebraska, Nevada. Bird testified that to his knowledge Reagan never gave anyone permission to take this equipment. Reagan never testified at the trial.

When the property referred to in an indictment is the property of a corporation, it is the preferable pleading practice to allege "special" ownership in a natural person acting for the corporation. Three ways that ownership may be established are that the named individual had (1) title to the property, (2) possession, or (3) a greater right to possession than the defendant. V.T.C.A., Penal Code, Sections 1.07(a)(24) and 1.07(a)(28); *Turner v. State,* 636 S.W.2d 189 (Tex.Cr.App.1982) (on rehearing); *Compton v. State,* 607 S.W.2d 246 (Tex.Cr.App.1980) (on rehearing), cert. denied 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 197 (1981).

In the instant case, the State was required to prove ownership in Rex Reagan in conformity with its allegations in the indictment. As noted above, Reagan never testified. There was no testimony from anyone that Reagan had title to the property, that Reagan had possession of the property, or that Reagan had a greater right to possession than the defendant. *Turner v. State,* supra. See also *Turner v. State,* 635 S.W.2d 734 (Tex.Cr.App.1982). The proof is, therefore, at variance with the allegations in the indictment and insufficient as to the element of ownership as alleged. Appellant's ground of error is sustained.

The judgment is reversed and reformed to reflect an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Ex parte Mixon,* 583 S.W.2d 378 (Tex.Cr.App.1979), cert. denied sub nom *Texas v. Mixon,* 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980).