MARY'S OPINION HEADING 







                                                                                    NO. 12-04-00076-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
REBECCA ANN CARPENTER,                       §                 APPEAL FROM THE 173RD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HENDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Rebecca Carpenter appeals her conviction for theft over $1,500 but less than
$20,000. In two issues, Appellant challenges the sufficiency of the evidence to support her
conviction. We affirm.
 
Background
            Appellant was charged by indictment with theft over $1,500 but less than $20,000, a state
jail felony. See Tex. Pen. Code Ann. § 31.03(a), (e)(4)(A) (Vernon Supp. 2004-2005).


 
Specifically, Appellant was charged with unlawfully appropriating United States currency having
a value of $1,500 or more but less than $20,000 from Deann Owens, the owner thereof, with intent
to deprive Owens of the property. Appellant pleaded “not guilty” and elected a trial by jury.
            During the guilt/innocence phase, the State’s first witness was Deann Owens, a twenty-two-year employee of Cedar Creek Bank who had been senior vice president for the past ten years. 
Owens testified that Appellant was a temporary employee who began working at the branch bank
in Tool in October 2000. Owens also described the bank’s computer systems as well as the internal
checks and balances used by the tellers as they conduct banking activity with customers. She
described journal tapes that record deposits, “cash out,” lists of checks, loan payments, and account
histories as well as the history of all transactions as they are recorded and printed. The journal tapes
are used by the tellers to balance their cash drawers at the end of the day. 
            Owens testified that on April 5, 2001, Appellant balanced her drawer to show a correct cash
balance of $11,220.61. Appellant logged off the system, removed the drawer, and placed it in the
bank vault. Thereafter, on April 6 and 9, 2001, Appellant failed to appear for work at the bank. 
Owens further testified that she retrieved the duplicate key from the main branch and removed
Appellant’s cash drawer from the vault. The cash drawer was audited in the presence of Lynn
Clowdus, another bank employee. The audit revealed a $5,999.86 shortfall in Appellant’s drawer. 
This amount was also indicated on the journal tape for April 9, 2001. Another audit, conducted for
verification, showed the same result. Owens contacted Appellant, who seemed unconcerned about
the missing money and told Owen that her drawer was balanced when she left the bank on April 5. 
Owens also testified that security at the bank is monitored by a system that records all entries and
that no one entered the bank after banking hours from April 5 to April 9.
            Karen Harrell testified that she had assisted Owens with the second audit of Appellant’s
drawer and found it short by $5,999.86. She also stated that the drawer did not appear to be
tampered with in any way. She counted the other tellers’ cash drawers and even checked the trash,
but found none of the missing money. Harrell and Owens watched a videotape of Appellant and
other tellers from April 5, 2001. They observed that no one had any contact with Appellant’s drawer
after she balanced it, locked it, and placed it in the vault. Clowdus testified about the bank policies
and procedures, including access to duplicate keys and teller drawers.
            Henderson County Sheriff’s Office Investigator David Jones testified that he never received
any records or memos from the bank and that the videotape of the bank for the day in question had
been taped over. Also, he stated that Appellant voluntarily gave him a tape-recorded statement, but 
the statement was lost. He noted that Appellant was extremely cooperative and made no incriminating
remarks in her statement. She informed him that she did not know what happened to the money.
            At the conclusion of the trial, the jury found Appellant guilty of theft as charged in the
indictment. After a punishment hearing, the court assessed punishment at confinement for eighteen
months, probated for four years with various conditions, including restitution. This appeal followed.
 
Factual Sufficiency of the Evidence
            In her first issue, Appellant contends the evidence is factually insufficient to support her
conviction. She argues that the bank failed to preserve the journal tapes from the teller transactions
of April 5 and April 9, 2001. In addition, she argues that the bank destroyed a videotape that may have
contained exculpatory evidence. Finally, she asserts that the Henderson County sheriff’s office lost
her tape-recorded statement and that this tape could have contained exculpatory information. She
argues that these missteps by the bank and the State were the result of negligence and created a
situation in which the verdict is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. 
            Although Appellant characterizes this issue as a factual sufficiency challenge, her argument,
in substance, relates to the destruction of evidence and its effect on the outcome of her trial. 
Consequently, in addition to factual sufficiency, we will also address Appellant’s implicit contention
that the destruction of the evidence violated her due process rights. 
Standard of Review
            When reviewing the factual sufficiency of the evidence, we review all of the evidence but not
in the light most favorable to the prosecution. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997). We must determine whether a neutral review of the evidence, both for and against the finding,
demonstrates that a rational jury could find guilt beyond a reasonable doubt. Zuniga v. State, 144
S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is factually insufficient when evidence supporting
the verdict, considered by itself, is too weak to support the finding of guilty beyond a reasonable doubt. 
Id. Evidence is also factually insufficient when contrary evidence is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Id. at 484-85. Our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and credibility of witness
testimony. Wesbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000) (citation omitted).
 
Analysis
            The loss or destruction of exculpatory evidence can deny a criminal defendant due process of
law. Lee v. State, 893 S.W.2d 80, 86 (Tex. App.–El Paso 1994, no pet.). The duty to preserve
evidence is limited to evidence that possesses an exculpatory value that was apparent before the
evidence was destroyed. Id. (citing California v. Trombetta, 467 U.S. 479, 485, 104 S. Ct. 2528,
2534, 81 L. Ed. 2d 413 (1984); McDonald v. State, 863 S.W.2d 541, 543 (Tex. App.–Houston [1st
Dist.] 1993, no pet.)). Absent bad faith, the mere failure to preserve potentially useful evidence does
not of itself result in the denial of due process. Lee, 893 S.W.2d at 86 (citing Arizona v. Youngblood,
488 U.S. 51, 58, 109 S. Ct. 333, 337, 102 L. Ed. 2d 281 (1988); Ex parte Brandley, 781 S.W.2d 886,
894 (Tex. Crim. App. 1989)). However, we examine the totality of the circumstances to determine
whether the loss resulted in a trial so lacking in fairness as to offend due process. Lee, 893 S.W.2d
at 86 (citing Ex parte Brandley, 781 S.W.2d at 892; Gilbert v. State, 840 S.W.2d 138, 142 (Tex.
App.–Houston [1st Dist.] 1992, no pet.)).
            To show that denial of due process occurred when evidence was lost, an appellant must show
that (1) the evidence was lost or destroyed by the State after a request therefor, (2) the evidence was
favorable to the defense, and (3) the evidence was material. Nastu v. State, 589 S.W.2d 434, 441
(Tex. Crim. App. 1979). A showing that the evidence might have been favorable does not meet the
materiality standard. Lee, 893 S.W.2d at 87 (citing Hernandez v. State, 867 S.W.2d 900, 908 (Tex.
App.–Texarkana 1993, no pet.); McDonald v. State, 863 S.W.2d at 543). 
            In her brief, Appellant does not contend, nor does the record reflect, that the State ever had any
of the lost or destroyed items in its possession or had any role in their loss or destruction. 
Consequently, Appellant has not satisfied the first requirement of Nastu. See Nastu, 589 S.W.2d at
434 (must show evidence was lost or destroyed by the State after a request therefor). Appellant
complains that the items lost or destroyed by the bank “could have contained exculpatory information”
and “could have exonerated” her. Appellant also contends that the unavailability of the bank
information, combined with the loss of her videotaped statement to law enforcement, required the jury
“to surmise an opinion based on assumptions and emotions” rather than admissible, factually sufficient
evidence. However, she provides no explanation of the nature of the missing evidence or how the
evidence might have exonerated her. Therefore, her allegations constitute only bare assertions that the
evidence might have been favorable. See Lee, 893 S.W.2d at 87. These allegations, which are
unsupported by the record, are insufficient to establish that the lost or destroyed items were favorable
to Appellant or that they were material. See id. Moreover, Owens and Harrell both testified that the
destroyed bank items showed no evidence of tampering by another person and were destroyed in
accordance with bank policy. Jones testified that Appellant’s videotaped statement did not include any
exculpatory information. No evidence to the contrary is included in the record. 
            Based upon our review of the record, we conclude that Appellant has wholly failed to satisfy
the requirements of Nastu. Therefore, she has not shown that the loss or destruction of the identified
items violated her right to due process. See id. 
            In hearing the evidence, the jury determined the credibility of the witnesses and resolved the
evidentiary inconsistencies in the State’s favor, which is its prerogative as fact finder. See Wesbrook,
29 S.W.3d at 112. In reviewing the factual sufficiency of the evidence, both for and against the
verdict, and giving due deference to the factfinder, we cannot say that the evidence supporting the
verdict, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt. 
Nor can we conclude that the contrary evidence is so strong that the beyond-a-reasonable-doubt burden
of proof could not have been met. Therefore, we conclude that the evidence is factually sufficient for
the jury to find Appellant guilty as charged in the indictment. Appellant’s first issue is overruled.
 
Legal Sufficiency of the Evidence
            In her second issue, Appellant contends that the evidence is legally insufficient to support her
conviction. Specifically, Appellant argues that even viewing the evidence in the light most favorable
to the verdict, there was no evidence that Owens was the “owner” of the currency as alleged in the
indictment.
Standard of Review
            “Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction.” Escobedo v. State, 6 S.W.3d 1, 6 (Tex.
App.–San Antonio 1999, no pet.) (citing Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781,
2786-88, 61 L. Ed. 2d 560 (1979)). The standard of review is whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 319,
99 S. Ct. at 2789; LaCour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). The evidence is
viewed in the light most favorable to the verdict. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789;
LaCour, 8 S.W.3d at 671. The conviction will be sustained “unless it is found to be irrational or
unsupported by more than a ‘mere modicum’ of the evidence. . . .” Moreno v. State, 755 S. W.2d 866,
867 (Tex. Crim. App. 1988). The jury is the sole judge of the credibility of witnesses and of the
weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). 
Any reconciliation of conflicts and contradictions in the evidence is entirely within the jury’s domain. 
Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). If a reviewing court finds the evidence
legally insufficient to support a conviction, the result is an acquittal. Tibbs v. Florida, 457 U.S. 31,
41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).
            A person commits theft if she unlawfully appropriates property with the intent to deprive the
owner of the property. Tex. Pen. Code Ann. § 31.03 (a). The term “owner” includes a person who
has title to the property, possession of the property, whether lawful or not, or a greater right to
possession of the property than the actor. Tex. Pen. Code Ann. § 1.07(a)(35)(A) (Vernon Supp.
2004-2005); see also Alexander v. State, 753 S.W.2d 390, 392 (Tex. Crim. App. 1994) (holding that
ownership may be proved in three ways: title, possession, or a greater right to possession than
defendant). “Possession” means actual care, custody, control, or management. Tex. Pen. Code Ann.
§ 1.07(a)(39) (Vernon Supp. 2004-2005).
            Owens testified at trial that she is the senior vice president of Cedar Creek Bank and oversees
all branch banking activities, which include new accounts, teller areas, customer accounting, the call
center, and data processing. She has been with the bank for twenty-two years and is ultimately
responsible for the bank’s cash on hand and missing money. She testified that she has access to the
keys that unlock all the teller drawers and she has the audit authority for those drawers. In fact, she
stated that she has audit authority for all the vaults at all branch locations.
            Appellant cites Simpson v. State, 648 S.W.2d 1 (Tex. Crim. App. 1983) to support her
argument that there was no evidence or, alternatively, insufficient evidence that Owens had a greater
right than Appellant to possession of the currency in question in this case. However, in Simpson there
was no testimony that the “owner” named in the indictment had title to the property, possession of the
property, or a greater right to possession than the appellant. See id. at 2. Here, Owens’s capacity and
responsibilities at the bank were explained in great detail and established that Owens had a greater
right to possession of the currency than did Appellant. As such, the State established that Owens was
the “owner” of the currency as that term is defined in the penal code. See Tex. Pen. Code Ann.
§ 1.07 (a)(35)(A).
            Viewing the evidence in the light most favorable to the jury’s verdict, we conclude that a
rational trier of fact could have found the elements of theft beyond a reasonable doubt. Accordingly,
Appellant’s second issue is overruled.
 
Disposition
            Having overruled Appellant’s first and second issues, we affirm the judgment of the trial court.
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
Opinion delivered April 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)