Opinion issued July 27, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00543–CR




TONY LARNARD HUERY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 953884




MEMORANDUM OPINION

          Tony Larnard Huery, appellant, was charged with aggravated robbery,
enhanced with two prior felony convictions. Tex. Pen. Code Ann. § 12.42 (Vernon
Supp. 2005), § 29.03 (Vernon 2003). Appellant pleaded not guilty to the charge, and
not true to the enhancements. The jury found appellant guilty, found the
enhancements true, and assessed punishment at 50 years’ confinement.
          In four points of error, appellant argues that (1) the evidence is legally and
factually insufficient to establish that the complainant had a greater right of
possession in the property and appellant appropriated the property without the
owner’s effective consent and that the trial court erred by not declaring a mistrial (2)
when two police officers testified about extraneous offenses and (3) when the
prosecutor made improper jury arguments during the State’s closing argument in the
punishment phase.
          We affirm.
Background
          The facts pertinent to this appeal are not in dispute. On May 15, 2003,
appellant and two men entered a pawnshop. Atricia Sharp, complainant, and Pamela
Sanchez were working at the pawnshop that day. After a brief conversation with
Sharp, appellant pulled out a gun and said, “This is a robbery.” Appellant and his
accomplices handcuffed Sharp and Sanchez, placed them in a walk-in safe along with
three customers, and stole various items from the pawn shop.
          At trial, the State questioned Officer M. R. Burdick about an investigation that
led to the recovery of the gun appellant used in the May 15 robbery. Officer Burdick
stated that the investigation “entailed a bunch of guys that were involved in pawnshop
robberies.” The trial court sustained appellant’s objection and instructed the jury to
disregard the statement, but denied appellant’s motion for mistrial.
          Later, while Officer John Bonnette testified about his involvement in the
investigation, he stated, “[I]n this particular instance, this was one of a series of
robberies that were committed by the same group of highjackers, [sic] robbery
suspects.” The trial court sustained appellant’s objection and instructed the jury to
disregard the statement, but denied appellant’s motion for mistrial.
          During the State’s closing arguments in the punishment phase, it stated that
appellant “is a capital murder waiting to happen.” Appellant made no objections to
this statement. Later, the State stated, “What you have here, a guy who has been
convicted multiple times of felony level offenses. We didn’t bring you any
misdemeanors; we only brought you felonies.” The trial court sustained appellant’s
objection to facts outside the record and instructed the jury to disregard the statement,
but denied appellant’s motion for mistrial.
Legal and Factual Sufficiency
          In his first point of error, appellant argues that the evidence is legally and
factually insufficient to establish the complainant had a greater right of possession in
the property and appellant appropriated the property without the owner’s effective
consent.
A.     Standard of Review
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Although our analysis considers
all of the evidence presented at trial, we may not re-weigh the evidence and substitute
our judgment for that of the fact finder. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the
fact-finder’s role as the sole judge of the weight and credibility accorded any
witness’s testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
The fact-finder alone determines what weight to place on contradictory testimonial
evidence, as it depends on the fact-finder’s evaluation of credibility and demeanor. 
Id. at 408. In conducting a factual-sufficiency review, we must discuss the evidence
that, according to appellant, most undermines the jury’s verdict. See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
B.      Analysis
          The Texas Penal Code’s definition of “owner” includes a person who has “a
greater right of possession of the property than the actor.” Tex. Pen. Code Ann.
§ 1.07(a)(35)(A) (Vernon Supp. 2005). “Possession” is defined as “actual care,
custody, control, or management.” Tex. Pen. Code Ann. § 1.07(a)(39). Proof of
ownership can be established by circumstantial evidence. Jordan v. State, 707
S.W.2d 641, 644 (Tex. Crim. App. 1986).
          An allegation of ownership may be alleged in either the actual owner or a
special owner. Tex. Code Crim. Proc. Ann. art. 21.08 (Vernon 1989); Freeman v.
State, 707 S.W.2d 597, 603 (Tex. Crim. App. 1986). “A ‘special owner’ is an
individual who is in custody or control of property belonging to another person.” 
Harrell v. State, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993). When a business
entity is the owner of the property that has been stolen, it is the preferable pleading
practice to allege special ownership in a natural person acting for the corporation. 
Simpson v. State, 648 S.W.2d 1, 2 (Tex. Crim. App. 1983); Harris v. State, 846
S.W.2d 960, 962 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d).
          Sharp testified that, at the time of the incident, she was an employee of EZ
Pawn, the business entity with legal custody of the property. As an employee, she
had a greater right of possession over the property than appellant. Appellant points
to the testimony of Sharp where, after she was asked if she had the greater right of
possession of the property, she responded, “No, because if they wanted it, they could
take it.” A review of the testimony shows, however, that Sharp’s answer was based
on confusion over the question. She subsequently stated that she was in control of the
property and that she was in possession of it. A misunderstanding of legal
terminology is not sufficient to create legal or factual insufficiency.
          Appellant also argues that the evidence is legally and factually insufficient to
establish that the property was taken without the owner’s effective consent. 
However, appellant offers no citation to the record or legal basis for his argument. 
As the State points out, appellant pointed a pistol at Sharp and announced “this [is]
a robbery.”
          We hold that the evidence is legally and factually sufficient to establish that
Sharp had a greater right of possession in the property and appellant appropriated the
property without the owner’s effective consent. We overrule appellant’s first point
of error.
Extraneous Offenses
          In his second point of error, appellant argues that the trial court erred by not
declaring a mistrial when two officers testified about extraneous offenses committed
by appellant.
A.      Standard of Review
          The standard of review for a trial court’s denial of a motion for mistrial is abuse
of discretion. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A mistrial
is a device used to halt trial proceedings when error is so prejudicial that expenditure
of further time and expense would be wasteful and futile. See Sewell v. State, 696
S.W.2d 559, 560 (Tex. Crim. App. 1983). Thus, a trial court may properly exercise
its discretion to declare a mistrial if a verdict of conviction could be reached, but
would have to be reversed on appeal due to an obvious procedural error in the trial. 
Id. The determination of whether a given error necessitates a mistrial must be made
by examining the particular facts of the case. Hernandez v. State, 805 S.W.2d 409,
413–414 (Tex. Crim. App. 1990).
B.      Analysis
          While Officer Burdick was explaining the events leading up to the recovery of
the pistol used in the robbery, he stated that the investigation “entailed a bunch of
guys that were involved in pawnshop robberies.” Later, Officer Bonnette, when
asked how he became involved in the investigation for the robbery, stated, “[I]n this
particular instance, this was one of a series of robberies that were committed by the
same group of highjackers, [sic] robbery suspects.” Appellant objected to both of
these statements. The trial court sustained the objections and instructed the jury to
disregard the statements but denied appellant’s motions for mistrial.
          Assuming without deciding that these statements constituted inadmissible
evidence of extraneous offenses, because the trial court gave instructions to disregard
the statements, we hold that the trial court did not abuse its discretion in denying the
motions for mistrial. “Ordinarily, a prompt instruction to disregard will cure error
associated with an improper question and answer, even one regarding extraneous
offenses.” Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000).
          Moreover, the error is harmless due to the strong evidence establishing
appellant’s guilt. The evidence presented by the State included a surveillance
videotape showing appellant robbing the pawn shop, a videotaped line-up including
appellant where Sharp identified him, and in court identifications of appellant as the
perpetrator by Sharp and a customer that was in the store at the time. None of this
evidence was controverted. Appellant did not call any witnesses or present any other
evidence. Because of the uncontroverted evidence establishing appellant’s guilt,
inadmissible evidence of extraneous offenses cannot be said to have harmed
appellant.
          We overrule appellant’s second point of error.
Jury Arguments
          In his third and fourth points of error, appellant argues that the State made two
improper jury arguments in the punishment phase that require reversal.
A.      Standard of Review
          Permissible jury argument falls within one of four categories: (1) summation
of the evidence; (2) reasonable deductions from the evidence; (3) pleas for law
enforcement; and (4) response to opposing counsel. Felder v. State, 848 S.W.2d 85,
94–95 (Tex. Crim. App. 1992). If we determine that the argument fell outside these
four categories, we must then determine whether, in light of the record as a whole,
there is a reasonable probability that the improper argument might have contributed
to appellant’s conviction or punishment. Orona v. State, 791 S.W.2d 125, 128 (Tex.
Crim. App. 1990). Even if the argument exceeds the bounds of proper jury argument,
reversible error occurs only when, in light of the record as a whole, the argument is
extreme, manifestly improper, violative of a mandatory statute, or injects new facts
harmful to the accused into the trial proceeding. Goldberg v. State, 95 S.W.3d 345,
388 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).
B.      Analysis
          Appellant first complains of the State’s remark that appellant was “a capital
murder waiting to happen.” Appellant next complains of the State’s saying “[w]hat
you have here, a guy who has been convicted multiple times of felony level offenses. 
We didn’t bring you any misdemeanors; we only brought you felonies.”
          1.       Capital Murder
          Appellant has not preserved any error related to the first statement. A
defendant’s failure to object to improper jury arguments forfeits the right to complain
about the argument on appeal. Threadgill v. State, 146 S.W.3d 654, 670 (Tex. Crim.
App. 2004). This is true even if the argument is “manifestly improper.” Id.
          We overrule appellant’s third point of error.
          2.       Misdemeanors
          It appears that telling the jury that the State did not present any felonies was
used to highlight appellant’s felonies. It was not used to insert new facts into the
record. We hold there was no error in the State’s argument.
          We overrule appellant’s fourth point of error.

Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Jennings, Hanks, Higley.

Justice Jennings concurring in the judgment only.

Do not publish. See Tex. R. App. P. 47.2(b).